IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JANE DOE, a minor, by her parents and next friends JOHN DOE and JUDY DOE, JOHN DOE, in his individual capacity, and JUDY DOE, in her individual capacity,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT PIRAINO, MUSIC CITY FENCING CLUB, INC., and UNITED STATES FENCING ASSOCIATION,<br><br>*Defendants*. | FILE NO. 3:22-CV-00560<br><br>JURY DEMAND |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## TO PROCEED UNDER PSEUDONYM

Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to proceed in this lawsuit using the pseudonyms "Jane Doe," "John Doe," and "Judy Doe."

## BACKGROUND

This is a child sexual abuse case. Plaintiffs allege that Defendant Robert Piraino, an Olympic fencing coach, sexually abused Plaintiff Jane Doe, a minor, during the course of her participation in fencing activities. Compl. ¶¶ 69-110. They have brought this action against Piraino, Defendant Music City Fencing Club, Inc., which is the fencing club where Piraino was owner and head coach, and Defendant United States Fencing Association, which is the national governing body for the sport of fencing. The Complaint includes claims for intentional infliction of emotional distress, assault and battery, negligence, violations of the federal Trafficking Victims

1

Protection Act (18 U.S.C. §§ 1589, 1591, and 1594), and violations of the federal child pornography laws (18 U.S.C. § 2251).

The Complaint does not identify Plaintiffs by name and instead uses the pseudonyms "Jane Doe," "John Doe," and "Judy Doe." Plaintiff Jane Doe was 11 years old when she met Defendant Piraino and 13 years old when he began sexually abusing her. Compl. ¶¶ 70-71. She is still a minor. Plaintiffs John Doe and Judy Doe are Jane Doe's parents.

## ARGUMENT

The Court should allow Plaintiffs to proceed in this lawsuit using the pseudonyms "Jane Doe," "John Doe," and "Judy Doe" in all filings. The general rule is that a complaint in federal court "must name all the parties." Fed. R. Civ. P. 10(a). A district court has discretion, however, to allow a plaintiff to proceed under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether to allow a plaintiff to proceed under a pseudonym, the district court should consider four factors: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* The first and third factors are not at issue—Plaintiffs are not challenging governmental activity and have no intention of violating any law. The second and fourth factors, however, weigh in favor of allowing Plaintiffs to proceed under pseudonyms. Moreover, there would be no harm to Defendants in granting this request.

**The prosecution of this suit will compel Plaintiff Jane Doe to disclose information of the utmost intimacy.** District courts routinely allow child victims of sexual assault to proceed under pseudonyms in civil actions. *See, e.g.*, *Doe v.*

2

*Rutherford Cnty., Tenn., Bd. of Educ.*, 86 F. Supp. 3d 831, 837, n.1 (M.D. Tenn. 2015). There is no reason for this case to be an exception. Defendant Piraino sexually abused Plaintiff Jane Doe for nearly two years. Compl. ¶ 69-110. He manipulated, pressured, and coerced her into sending him photos and videos of herself naked, semi-naked, and engaging in sexually explicit conduct. Compl. ¶ 74-88. He sent her videos of him masturbating and having sex with women and underage girls. Compl. ¶ 96. He groped and fondled her at fencing events. Compl. ¶ 98. He described to her how he intended to rape her. Compl. ¶ 99. The details of these events are highly intimate. Compelling Jane Doe to publicly litigate those details will expose her to a substantial risk of embarrassment, ridicule, and shame.

**Plaintiff Jane Doe is a child.** "The vulnerability of children is of special concern" and, for this reason, children are granted a "heightened protection" when determining whether to allow a plaintiff to proceed using a pseudonym. *K.G. v. Bd. of Educ. of Woodford Cnty.*, No. 5:18-CV-555-JMH, at *4 (E.D. Ky. Sept. 18, 2019). Plaintiff Jane Doe was 13 years old when Defendant Piraino started abusing her and is still a minor. Her parents are adults, but the disclosure of their names would effectively disclose Jane Doe's identity because the three of them share the same last name. Thus, this factor weights in favor of granting Plaintiffs' Motion.

**Granting this motion will not affect Defendants' ability to defend this lawsuit.** Finally, granting this motion will not prejudice Defendants. To be clear, Plaintiffs are not seeking to withhold their identities from Defendants—they seek only[1] to avoid disclosing their names in papers filed with the Court. Plaintiffs believe that all three Defendants already know Jane Doe's true identity. To the extent that

---

1  Plaintiffs are likely to seek further protective orders during discovery. The only relief Plaintiffs seek through this Motion, however, is the Court's approval to use pseudonyms in public filings.

3

Defendants claim not to know, Plaintiffs have no objection to disclosing Jane Doe's identity subject to a suitable protective order.

## CONCLUSION

Granting this motion is within the Court's discretion, is consistent with routine practice, will protect a child victim of sexual abuse from substantial risk of public ridicule and embarrassment, and will not prejudice Defendants. For these reasons, the Court should enter an order allowing Plaintiffs to proceed in this lawsuit under the pseudonyms "Jane Doe," "John Doe," and "Judy Doe."

Respectfully submitted this 10th day of August, 2022.

THE BLACKBURN FIRM, P.L.L.C.

By: /s/ Gary Blackburn
Gary Blackburn
Tennessee Bar No. 003484
213 5th Avenue North
Suite 300
Nashville, TN 37219
615-254-7770
gblackburn@wgaryblackburn.com

Attorney for Plaintiffs

SMITH & ASSOCIATES LAW GROUP, P.C.

By: /s/ George H. Smith
George H. Smith
Georgia Bar No. 535450
P.O. Box 1343
Decatur, GA 30031
844-943-8529
ghgs@attorneysmith.com

Attorney for Plaintiffs
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.01, I certify that the foregoing Brief in Support of Plaintiffs' Motion to Proceed Under Pseudonym was this date served on the following by electronic filing with the Court's CM/ECF system and by regular mail:

William R. Johnson, Esq.
Partner
Tyson & Mendes, LLP
1616 Westgate Circle #330
Brentwood, TN 37027
*Attorney for Defendant USA Fencing*

and on the following by regular mail:

Robert Piraino, Inmate
OCA No. 527805
Nashville/Davidson County Sheriff's Office
P.O. Box 196383
Nashville, TN 37219-6383
*Defendant and
Registered Agent for Defendant Music City Fencing*

This 10th day of August, 2022.

By: /s/ Gary Blackburn
Gary Blackburn
Tennessee Bar No. 003484
213 5th Avenue North
Suite 300
Nashville, TN 37219
615-254-7770
gblackburn@wgaryblackburn.com

Attorney for Plaintiffs