# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, a minor, by her parents and next friends JOHN DOE and JUDY DOE, JOHN DOE, in his individual capacity, and JUDY DOE, in her individual capacity, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00560 Judge Aleta A. Trauger |
| ROBERT PIRAINO, MUSIC CITY FENCING CLUB, INC., and UNITED STATES FENCING ASSOCIATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

The court rules as follows on the three pending summary judgment motions:

(1) The Motion for [partial] Summary Judgment as to [Plaintiffs'] Claims for Pre-Majority Medical Expenses (Doc. No. 136), filed by defendants Robert Piraino and Music City Fencing Club, Inc. ("Music City Fencing") and joined by defendant United States Fencing Association ("USA Fencing"), is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to the plaintiffs' negligence claim set forth in Count 3 of the Second Amended Complaint (Doc. No. 115), and that claim is **DISMISSED**. The motion is **DENIED** with respect to the plaintiffs' claim that Piraino acted intentionally to inflict pain on Jane Doe (incorporated in Counts 1, 2, and 7).

(2) The Motion for [partial] Summary Judgment as to Plaintiffs' Claims for Violation of 18 U.S.C. § 1591(a), 18 U.S.C. § 1594(a), and 18 U.S.C. § 1589(a) (Doc. No. 139), filed by Music

City Fencing is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to the plaintiffs' claims against Music City Fencing under §§ 1591(a) and 1594(a), based on the finding that Piraino did not solicit Jane Doe, or attempt to solicit Jane Doe, to engage in commercial sex acts, and Count 6 against Music City Fencing is **DISMISSED**. Although Piraino did not join Music City Fencing's motion, this conclusion obviously implicates the sex trafficking claims set forth in Count 6 against Piraino as well.

The motion is **DENIED** with respect to Count 7, as there is a question of fact as to whether Music City Fencing and Piraino were engaged in a venture, for purposes of § 1595(a).

(3) USA Fencing's Motion for Summary Judgment (Doc. No. 144) is **GRANTED** in its entirety, and all claims against USA Fencing are **DISMISSED**.

The claims against Piraino and Music City Fencing not addressed by the parties' motions remain pending. These include Counts 1, 2, 7, and 8 of the Second Amended Complaint against both Piraino and Music City Fencing; Count 5 against Music City Fencing only; and Count 6 against Piraino only, although, as noted, the dismissal of this claim against Music City Fencing implies that the claim is not viable against Piraino either. This case remains set for trial against them on February 24, 2026.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge